# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 10-20076-09-KHV |
| RONALD C. CARRINGTON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On June 14, 2011, the Court sentenced defendant to 240 months in prison.  On a Rule 35(b) motion, the Court later reduced defendant's sentence to 170 months.  Recently, Kirk Redmond, an Assistant Federal Public Defender, negotiated with government counsel on potential relief under Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). The parties have submitted an agreed order on AO Form 247.[1]  The parties propose a reduction of defendant's term of imprisonment from 170 months to 140 months.  For reasons stated below, the Court declines to reduce defendant's term of imprisonment.[2]

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.  See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Defendant seeks relief under Section 3582(c)(2), which permits the Court to

---

[1]     The Honorable J. Thomas Marten of the District of Kansas appointed the Office of the Federal Public Defender to represent any defendant previously determined to have been entitled to appointment of counsel, or who is now indigent, to determine whether that defendant may qualify for relief under Amendment 782.

[2]     The Court is not required to hold a hearing under Section 3582(c)(2).  See U.S.S.G. § 1B1.10(a)(3) (proceedings under Section 3582(c)(2) and policy statement do not constitute full resentencing); Fed. R. Crim. P. 43(b)(4) (defendant need not be present when proceeding involves reduction under Section 3582(c)).

reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c).  If eligible, the Court may reduce defendant's term of imprisonment after considering any applicable factors set forth in Section 3553(a), "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c); see Dillon v. United States, 560 U.S. 817, 826-27 (2010); United States v. Green, — F. App'x —, 2015 WL 5316506, at *3 (10th Cir. Sept. 14, 2015).

## I.      Defendant Is Eligible For Relief Under Amendment 782

Section 3582(c)(2) sets forth a two-step inquiry.  First, as a matter of law, the Court must determine whether a sentence reduction is authorized under the statute.  United States v. White, 765 F.3d 1240, 1245 (10th Cir. 2014).  Second, as a matter of discretion, the Court determines whether an authorized reduction is warranted.  Id.  In the second step, Section 3582(c)(2) directs the court to consider the Section 3553(a) sentencing factors and whether a reduction is consistent with policy statements from the Sentencing Commission.

Defendant asks the Court to reduce his sentence based on Amendment 782, which took effect on November 1, 2014 and generally lowers by two levels the base offense levels in the Drug Quantity Table.  On July 18, 2014, the United States Sentencing Commission voted to apply the amendment retroactively to those offenders currently in prison, with a requirement that reduced sentences not take effect until November 1, 2015.  See Amendment 788.  The parties agree that defendant is eligible for relief.  A defendant is eligible for relief if he was sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c).  Here, the Court sentenced

defendant to 170 months in prison based on the statutory mandatory minimum (240 months) and the government request to reduce defendant's sentence by 70 months under 18 U.S.C. § 3553(e) in light of his assistance to authorities.[3]  In determining the value of defendant's assistance and his actual sentence, the Court (in resentencing defendant under Rule 35(b)) and the government (in its Rule 35(b) motion) did not rely on the guideline range that would have applied if the mandatory minimum had not applied.   Even so, defendant appears to be eligible for relief under Amendment 782.

The Supreme Court instructs that in determining whether defendant is eligible for relief, district courts must follow the Sentencing Commission Policy Statement on implementation of retroactive amendments which reduce defendant's guideline range.  Dillon, 560 U.S. at 827; U.S.S.G. § 1B1.10, Reduction In Term Of Imprisonment As A Result Of Amended Guideline Range (Policy Statement).   Under Section 1B1.10(c), the Sentencing Commission has provided an exception to statutory minimum sentences for cases involving substantial assistance, as follows:

> If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

U.S.S.G. § 1B1.10(c).  The parties apparently assume that defendant falls into this category.

_____

[3]        Defendant had a total offense level of 29 with a criminal history category III for a guideline range of 108 to 135 months.  See Presentence Investigation Report (Doc. #379) filed June 14, 2011, ¶ 109.  Under Section 5G1.1 of the Sentencing Guidelines, the statutory minimum of 20 years trumped defendant's calculated guideline range under 21 U.S.C. §§ 841(b)(1)(A).  See id., U.S.S.G. § 5G1.1 (sentence on single count of conviction); see also U.S.S.G. § 5G1.2 (similar trumping rule for multiple counts).

At first blush, the commentary to Section 1B1.10(c) appears to apply to a narrow class of defendants who received reductions under Section 3553(e) and who had guideline ranges slightly above the statutory minimum or ranges that included the statutory minimum.[4]  As part of the background discussion for Amendment 780 (now revised Section 1B1.10(c)), however, the Sentencing Commission has indicated that Section 1B1.10(c) applies to defendants with guideline ranges that are much lower than the statutory minimum.  See U.S.S.G. Supp. to App. C, Amend. 780 (Reason for Amendment), at 56 (Nov. 1, 2015).  In particular, the Sentencing Commission noted disagreement about how to apply Section 1B1.10(c) in a case where defendant originally received a sentence of 96 months, reflecting a 60 percent reduction below the statutory minimum of 240 months and an otherwise applicable guideline range of 140 to 175 months.  See id.  The Sentencing Commission adopted the view that in a sentence reduction proceeding, the district court should use defendant's amended guideline range of 110 to 137 months without regard to the statutory minimum or the trumping provisions of Sections 5G1.1 and 5G1.2.[5]  See id.  Before the Sentencing Commission amended Section 1B1.10(c), circuits had "conflicting interpretations of when, if at all, § 1B1.10 provides that a statutory minimum continues to limit the amount by which a defendant's sentence may be reduced under 18 U.S.C. § 3582(c)(2) when the defendant's original

_____

[4]     The Commentary to Section 1B1.10(c) refers to "defendant A" who received a sentence based on a range which was above the statutory minimum and "defendant B" who received a sentence based on a statutory minimum of 120 months which was within the range that would have otherwise applied but for the statutory minimum (108 to 135 months).  See Commentary to U.S.S.G. § 1B1.10, App. Note  4 (Nov. 1, 2015). For both defendants in the commentary, the district court based its original sentence at least in part on the guideline range that but for the statutory minimum, would have applied.

[5]     In the case example, if defendant received a "comparable" reduction, the amended sentence would be 44 months in prison, reflecting a 60 percent reduction from the low end of the amended guideline range.

sentence was below the statutory minimum due to substantial assistance." U.S.S.G. Supp. to App. C, Amend. 780, at 55 (Reason for Amendment) (Nov. 1, 2015).  To resolve the circuit split, the Sentencing Commission issued Amendment 780 to clarify that if defendant originally received a reduced sentence below the statutory minimum because of Section 3553(e), the district court should calculate defendant's amended guideline range without regard to the trumping provisions of Sections 5G1.1 and 5G1.2 involving statutory minimums.[6]  See id.

In a recent opinion, the Fourth Circuit held that cooperators who originally received relief from the mandatory minimum under Section 3553(e) are eligible for relief under Amendment 782. The Fourth Circuit stated as follows:

> Section 3582(c)(2) requires a sentencing court to adhere to the Commission's policy statement in Guidelines section 1B1.10 when assessing a motion for a sentence reduction.  See Dillon, 560 U.S. at 827, 130 S. Ct. 2683 (requiring the sentencing court to assess Guidelines section 1B1.10 "to determine the prisoner's eligibility for a sentence reduction"); United States v. Dunphy, 551 F.3d 247, 250 (4th Cir. 2009) (recognizing that "the Commission's policy statements implementing the statute's authorization of retroactive sentence reductions are binding").  Because

---

[6]     The Sentencing Commission stated the reason for Amendment 780 as follows:

This clarification ensures that defendants who provide substantial assistance to the government in the investigation and prosecution of others have the opportunity to receive the full benefit of a reduction that accounts for that assistance.  See USSG App. C Amend 759 (Reason for Amendment).  As the Commission noted in the reason for that amendment: "The guidelines and the relevant statutes have long recognized that defendants who provide substantial assistance are differently situated than other defendants and should be considered for a sentence below a guideline or statutory minimum even when defendants who are otherwise similar (but did not provide substantial assistance) are subject to a guideline or statutory minimum. Applying this principle when the guideline range has been reduced and made available for retroactive application under section 3582(c)(2) appropriately maintains this distinction and furthers the purposes of sentencing." Id.

U.S.S.G., Supp. to App. C, Amend. 780 (Reason for Amendment) (Nov. 1, 2015).

> Amendment 780 went into effect prior to the district court's resolution of Williams's § 3582(c)(2) motion, the court was required to assess the motion in light of the now applicable policy statement in Guidelines section 1B1.10(c). See USSG § 1B1.10 cmt. n.8 (requiring court to "use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)").

United States v. Williams, 808 F.3d 253, 260 (4th Cir. Dec. 14, 2015), rehr'g en banc denied, Order, No. 15-7114, Docket No. 46 (4th Cir. Jan. 5, 2016).

In an unpublished opinion, the Seventh Circuit also has held that in ruling on Amendment 782 motions for cooperators, district courts should no longer consider the effect of the statutory minimum trumping provisions of Sections 5G1.1 and 5G1.2. United States v. Freeman, 586 F. App'x 237, 239 (7th Cir. 2014) (citing U.S.S.G. § 1B1.10(c)). In Freeman, the district court originally imposed a statutory minimum sentence of 240 months, which was below defendant's guideline range of 292 to 365 months. See Freeman, 586 F. App'x at 237. On a Rule 35(b) motion, the Court later reduced defendant's sentence to 180 months. See id. at 239. The district court denied defendant's motion under Section 3582(c)(2) because it had initially sentenced him based on a statutory minimum. See id. The Seventh Circuit vacated the ruling and stated that the district court should consider whether defendant was eligible for a reduced sentence given that his amended range of 151 to 188 months was less than his sentence of 180 months. See id. The Seventh Circuit noted that in light of Amendment 780, Section 5G1.1 no longer impacts defendant's eligibility for a reduced sentence. See id.[7]

---

[7]     At least one district court reached a similar ruling on the availability of relief under the retroactive cocaine base amendments (Amendments 706 & 750). In United States v. Mintz, No. 1:08-cr-40-MR-1, 2014 WL 6680401 (W.D.N.C. Nov. 25, 2014), the district court stated as follows:

(continued...)

Several district courts have also found that where the government initially filed a motion under Section 3553(e) or Rule 35(b), the trumping provisions of Sections 5G1.1 and 5G1.2 do not apply in calculating the amended guideline range.   In <u>United States v. Jerrell</u>, No. 3:13-CR-45-TAV-CCS, 2015 WL 4476434, at *2-3 (E.D. Tenn. July 22, 2015), the district court stated as follows:

> defendants whose sentences were subject to the trumping provisions of sections 5G1.1 and 5G1.2 ordinarily are not eligible for a sentence reduction as a result of Amendment 782, because their original sentences were not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and a reduction would not be permitted by the applicable policy statements issued by the Sentencing Commission.  <u>See</u> [<u>United States v. Joiner</u>, 727 F.3d 601, 604-09 (6th Cir. 2013)] (finding that a defendant was not eligible for a sentence reduction under Amendment 750); <u>United States v. Williams</u>, 512 F. App'x 594, 597-600 (6th Cir. 2013) (same).

> Section 1B1.10(c) alters this analysis for defendants who have received a departure below a mandatory minimum sentence for their substantial assistance to the government. <u>See</u> 18 U.S.C. § 3553(e) (providing that a departure below a mandatory minimum sentence for a defendant's substantial assistance "shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code").  For this class of defendants, "the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction)."  U.S. Sentencing Guidelines Manual § 1B1.10(c).  Here, the defendant is among the class of defendants covered by section 1B1.10(c).

---

[7](...continued)
The purpose of Amendment 780 is for those defendants, who received substantial assistance departures at their original sentencing hearings, to receive the full benefit of retroactive cocaine base Guidelines Amendment 750 reductions previously precluded by operation of U.S.S.G. §§ 5G1.1 or 5G1.2.  <u>Id.</u>  If the Court were to apply [<u>United States v. Goodwyn</u>, 596 F.3d 233 (4th Cir. 2010)] as the Government argues, it would completely negate the effect of Amendment 780 as intended by the Sentencing Commission.  Further, it does not appear to the Court that such a result was anticipated or precluded by the Court of Appeals opinion in <u>Goodwyn</u>.

<u>Id.</u> at *3.

Jerrell, 2015 WL 4476434, at *2-3; see United States v. Guzman, No. 3:06-CR-91-TAV-HBG-1, 2015 WL 3866203, at *2 (E.D. Tenn. June 22, 2015).

In light of the Sentencing Commission's policy statement in Section 1B1.10(c), the Court finds that defendant is eligible for relief under Amendment 782.[8]

## II.   A Sentence Reduction Is Not Warranted

Even though defendant is eligible for relief under Section 3582(c)(2), the Court declines to reduce his sentence. In determining whether a sentence reduction is warranted and the extent of any reduction, the Court considers the factors set forth in 18 U.S.C. § 3553(a). See U.S.S.G. § 1B1.10. In particular, among other factors, the Court must consider the nature, seriousness and circumstances of the offense, defendant's history and characteristics, the need to protect the public from further crimes by defendant and any threat to public safety. United States v. Meridyth, 573 F. App'x 791, 794 (10th Cir. 2014); United States v. Osborn, 679 F.3d 1193, 1195-96 (10th Cir. 2012). While not mandatory, the Court may also consider defendant's post-sentencing conduct. Osborn, 679 F.3d at

---

[8]    Even though the Court must treat the Sentencing Commission policy statement in Section 1B1.10 as mandatory, Dillon, 560 U.S. at 827, the Sentencing Commission has no authority to reduce a minimum sentence mandated by statute. See United States v. Moody, 526 F. App'x 576, 579 (6th Cir. 2013); United States v. Hood, 556 F.3d 226, 233-34 (4th Cir. 2009); United States v. Ganun, 547 F.3d 46, 47 (1st Cir. 2008). "While the Sentencing Commission has the authority to overrule circuit precedent interpreting *Guidelines* provisions, it cannot overrule circuit precedent interpreting a *statutory* provision." Williams, 808 F.3d at 266 (dissent, C.J. Traxler) (emphasis in original). Section 3582(c)(2) does not explicitly authorize the Commission to create an additional exception to expand the statutory exception of Section 3553(e) that reductions below the statutory minimum be made only "so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). The Court questions whether Congress has delegated authority to the Sentencing Commission to create an additional exception to statutory minimum sentences by way of a retroactive amendment to the Guidelines and if Congress has done so, whether that delegation of power is lawful. See United States v. Feauto, No. CR-12-3046, 2015 WL 7429591, at *5-13 (N.D. Iowa Nov. 23, 2015). Even so, the Court need not address these issues because even assuming that defendant is eligible for relief, a sentence reduction is not warranted in this case.

-8-

1195; see Meridyth, 573 F. App'x at 794; U.S.S.G. § 1B1.10 cmt. n.1(B).  Before addressing the

specific sentencing factors, the Court addresses several broader implications of a reduced sentence

in this case which necessarily impact the sentencing factors.

A.    Section 3553(e) Authorizes Relief From Statutory Minimum For Limited Purpose
To Reward Cooperation

As noted, the Court may modify defendant's sentence only where Congress has expressly

authorized it to do so.  See 18 U.S.C. § 3582(c); Blackwell, 81 F.3d at 947.  Courts likewise may

sentence defendant to a term of imprisonment below the statutory minimum only where Congress

has set forth a specific statutory exception.  See United States v. Hood, 556 F.3d 226, 233-34 (4th

Cir. 2009) (only Congress can authorize departure from statutory minimum sentence); United States

v. Campbell, 995 F.2d 173, 175 (10th Cir. 1993) (when sentence fixed by statute, any exception to

statutory directive must also be given by statute).  One statutory exception to the mandatory

minimum allows a court to impose a sentence below a level which a statute establishes as a

minimum sentence "to reflect a defendant's substantial assistance in the investigation or prosecution

of another person who has committed an offense."  18 U.S.C. § 3553(e).  As noted above, the Court

sentenced defendant under this exception.

This exception authorizes a court to sentence defendant below the statutory minimum, but

it does not necessarily permit the court to sentence within or below any guideline range that would

otherwise apply.[9]  See Hood, 556 F.3d at 233-35 (Section 3553(e) authorizes exception from

statutory minimum sentence for limited purpose of substantial assistance in investigation or

prosecution of others; neither Section 3553(e) nor guidelines provide sentencing range for such

---

[9]      Here, defendant's sentence of 170 months was well above the guideline range of
108 to 135 months that otherwise would have applied.

departures); United States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999) (Section 3553(e) motion does not restore otherwise applicable guideline range that would have applied absent statutory minimum; statute allows for departure from – not removal of – statutorily required minimum sentence).

Section 3553(e) does not permit the Court to further reduce defendant's sentence based on factors other than substantial assistance. United States v. A.B., 529 F.3d 1275, 1285 (10th Cir. 2008); Campbell, 995 F.2d at 175. In other words, after a district court reduces a sentence below a statutory minimum under Section 3553(e), it cannot reduce the sentence further based on the general sentencing factors in Section 3553(a). See United States v. Mendoza-Haro, 595 F. App'x 829, 833-34 (10th Cir. 2014). The Tenth Circuit has noted as follows:

> [Defendant] argues that a portion of § 3553(e)'s second textual sentence which specifies that the criminal sentence "shall be imposed in accordance with the guidelines" should have been judicially excised after Booker. See Aplt. Op. Br. at 13. The effect, [defendant] reasons, would have been to permit the district court to operate under an advisory Guidelines system. And, in so doing, the district court would have been obliged to consider - in addition to defendant's substantial assistance - § 3553(a) factors in imposing a sentence below the statutory minimum. Id. at 13-14.10.
>
> In [United States v.] Yazzie, [407 F.3d 1139 (10th Cir. 2005),] we noted that "[s]ection 3553(b)(2) contains the same 'shall impose' language that made application of the Guidelines mandatory under § 3553(b)(1)." 407 F.3d at 1145. In Booker, the Court cured the mandatory Guidelines problem in part by excising § 3553(b)(1) from the Sentencing Reform Act. As a result, the Guidelines were rendered advisory and, thus, constitutional. Id. Accordingly, we reasoned that Booker also required us to excise § 3553(b)(2). Id. In sum, we stated: "Therefore, we hold that treating the Guidelines as mandatory - regardless of whether the defendant is sentenced under § 3553(b)(1) or § 3553(b)(2) - is error." Id. at 1146.
>
> The Williams analysis, however, suggests the fatal flaw in [defendant's] argument: Yazzie pertains to the constitutionality of restrictions on the district court's discretion to sentence under the Guidelines; it does not speak to the constitutionality of statutory limitations on the district court's authority to sentence below statutory mandatory minimums. See Williams, 474 F.3d at 1132 (noting that "while the [Booker] Court excised §§ 3553(b)(1) and 3742(e) from the Code, § 3553(e) was unmentioned"). And, because it does not speak to the constitutionality of such

limitations, <u>Yazzie</u>, like the <u>Booker</u> decision on which it relies, "does not impact the pre-existing limitations embodied in § 3553(e)." <u>Id.</u>

<u>A.B.</u>, 529 F.3d at 1282-83.

In sum, relief from the statutory minimum under Section 3553(e) is limited "so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). If the Court grants cooperators further relief under Section 3582(c)(2), it would be expanding the statutory exception in Section 3553(e) to include a further variance unrelated to defendant's cooperation. While the Sentencing Commission has authorized this additional variance, the Court believes that it should be granted sparingly in light of the other sentencing factors under Section 3553(a).

B. <u>The Safety Valve Exception To Statutory Minimum Sentences Illustrates Why Cooperators Such As Defendant Should Not Receive Relief Under Amendment 782</u>

In the case of certain controlled substance offenses, under certain conditions, the so-called "safety valve" allows a court to impose a sentence pursuant to a guideline range without regard to any statutory minimum sentence. 18 U.S.C. § 3553(f); <u>see also</u> U.S.S.G. § 5C1.2. In particular, the Court must find that the following five conditions have been met:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

-11-

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

The safety valve, Section 3553(f), and the substantial assistance provision, Section 3553(e), provide two methods for the Court to sentence below a statutory minimum. These two methods, however, provide very different means to do so. United States v. Altamirano-Quintero, 511 F.3d 1087, 1090 n.6 (10th Cir. 2007). Congress had different plans in mind for the operation and effect of the two provisions. United States v. Ahlers, 305 F.3d 54, 59 (1st Cir. 2002); see id. at 58 (conclusion inescapable that two sections differ radically and that difference cannot be dismissed as mere fortuity).

The Tenth Circuit has highlighted the differences in Sections 3553(f) and 3553(e) as follows:

[Section] 3553(f) requires the district court to disregard the mandatory minimum sentence when certain conditions are met. [Ahlers, 305 F.3d] at 59. The statute "demonstrates Congress's ability to deploy unambiguous statutory language when it intends to authorize sentencing judges to ignore the limitations imposed by statutory minimum sentences and treat a 'mandatory minimum' case like any other." Id. (emphasis added). In contrast, § 3553(e) "speaks in much more circumspect terms." Id. It "retains the mandatory minimum as a reference point for a specific, carefully circumscribed type of departure." Id. Section 3553(e) "opens the door for a departure below the otherwise applicable mandatory minimum - but only those reasons related to the nature and extent of the defendant's substantial assistance can figure into the ensuing sentencing calculus." Id. at 60. In other words, unlike under § 3553(f), upon granting a § 3553(e) downward departure, a district court is not at liberty to treat the case "like any other," but rather must focus only on substantial assistance considerations. As with the defendants in Ahlers, A.B. offers "no explanation" for why statutes that evince the kind of significant differences exhibited by § 3553(f) and § 3553(e) "should be deemed to march in lockstep." Id. at 59. And we discern no such explanation.

-12-

A.B., 529 F.3d at 1284; see United States v. Jackson, 493 F.3d 1179, 1180 (10th Cir. 2007) (certain individuals with comparatively clean records may be eligible for reduction in § 3553(f) and escape normal operation of statutory minimum); Ahlers, 305 F.3d at 59 (Congress enacted safety valve to mitigate harsh effects of mandatory minimum sentences on certain first-time offenders who played relatively minor roles in drug trafficking schemes).

By sentencing cooperators within the amended guideline ranges without regard to the statutory minimum and the trumping provision of U.S.S.G. § 5G1.1, defendants essentially receive a benefit similar to what they would receive if they were safety valve eligible.  In other words, cooperators would receive amended sentences without regard to any statutory minimum.[10]  In light of the basic differences between the safety valve provision of Section 3553(f) and the substantial assistance provision of Section 3553(e), the Court questions whether Congress intended that cooperators who initially received relief from the statutory minimum under Section 3553(e) should receive a reduced sentence under Section 3582(c)(2) without regard to the statutory minimum.  As explained above, the Sentencing Commission has authorized such relief.  Even so, the Court, in considering whether to grant such relief, must be mindful of the statutory differences of Section 3553(f) and Section 3553(e).

---

[10]     The Court recognizes that in most circumstances, the Guidelines require a decrease of two levels off the base offense level if defendant qualifies for safety valve relief.  See U.S.S.G. § 5C1.2 (offense level of defendant eligible for safety valve relief and otherwise subject to statutory minimum of five years may not be reduced below 17).  Here, of course, defendant does not receive this additional benefit.

C.      A Reduced Sentence Within Or Below Amended Range Would Significantly Inflate The Judicial Determination Of Extent Of Defendant's Cooperation

To illustrate why cooperators who received relief from the statutory minimum based on Section 3553(e) should not receive further relief from the statutory minimum under Amendment 782, the Court briefly examines cases which involve a statutory minimum where the district court granted further relief under Amendment 782.  The following chart shows that a reduction in such cases leads to an exaggerated evaluation of defendant's cooperation:[11]

|  | Statutory Min. (months) | Original Sentence after Sec. 3553(e) (months) | Original % Reduction From Stat. Minimum | Amended Range (w/o reference to stat. min.) | Amended Sentence (months) | Amended % Reduction From Stat. Minimum |
|---|---|---|---|---|---|---|
| Morris | 120 | 78 | 35% | 87-108 | 41 | 65.8% |
| Bullard | 240 | 180 | 25% | 78-97 | 59 | 75.4% |
| Brickner | 240 | 151 | 37% | 70-87 | 87 | 63.8% |
| Jerrell | 240 | 180 | 25% | 78-97 | 59 | 75.4% |
| Guzman | 240 | 144 | 40% | 78-97 | 47 | 80.4% |
| Turman | 240 | 192 | 20% | 100-125 | 80 | 66.7% |
| Harshaw | 240 | 144 | 40% | 70-87 | 42* Time Served | 82.5% |

In the above cases, defendants received a reduction of approximately two to three times more than the original reduction below the statutory minimum.  By applying Section 1B1.10(c) to disregard the statutory minimum in calculating defendant's eligibility for relief and re-sentencing defendants

---

[11]      United States v. Morris, No. 3:07CR261-MHT, 2015 WL 7756138, at *3 (M.D. Ala. Dec. 2, 2015); United States v. Bullard, No. 3:01-cr-107, 2015 WL 5943202, at *1-2 (E.D. Tenn. Oct. 13, 2015); United States v. Brickner, No. 2:12-cr-019, 2015 WL 5513407, at *2-3 (E.D. Tenn. Sept. 16, 2015); United States v. Jerrell, No. 3:13-cr-45, 2015 WL 4476434, at *1-5 (E.D. Tenn. July 22, 2015); United States v. Guzman, No. 3:06-CR-91-TAV-HBG-1, 2015 WL 3866203, at *3 (E.D. Tenn. June 22, 2015); United States v. Turman, No. 3:05-CR-92-TAV-HBG-1, 2015 WL 2169258, at *2 (E.D. Tenn. May 8, 2015); United States v. Harshaw, No. 3:06-cr-127, 2015 WL 756757, at *1-2 (E.D. Tenn. Feb. 23, 2015).

based on the amended guideline range, courts have effectively allowed an additional variance from the statutory minimum based on factors other than defendant's cooperation. As explained above, Section 3553(e) prohibits courts from granting additional variances using Section 3553(a) factors to further reduce defendants' sentences below the statutory minimum.

By applying Section 1B1.10(c) to sentence defendant within or below the otherwise applicable range (reduced by two levels) and unrestricted by Section 3553(e), the Court essentially would be granting cooperators who were sentenced before Amendment 782 much lower sentences than cooperators who are sentenced under the current Guidelines. The Eleventh Circuit has explained the purpose of retroactive guideline amendments as follows:

> The purpose of § 3582(c)(2) is to give a defendant the benefit of a retroactively applicable amendment to the guidelines. That provision gives the defendant an opportunity to receive the same sentence he would have received if the guidelines that applied at the time of his sentencing had been the same as the guidelines that applied after the amendment. *But he is not to receive a lower sentence than he would have received if the amendment had been in effect at the time of his sentencing*. The goal is to treat a defendant sentenced before the amendment the same as those sentenced after the amendment. That is why an amendment that alters the initial calculation of a guidelines range is not to be applied in a case where the difference in the initial calculation would have made no difference because a mandatory minimum would have trumped the initial calculation and dictated the final guidelines range anyway.

United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012) (emphasis added). Defendants who are sentenced after Amendment 782 are subject to the restriction under Section 3553(e) that a court may sentence defendant to a term below a mandatory minimum only to reflect the extent of defendant's cooperation. To allow defendants sentenced before Amendment 782 to receive a reduction beyond that authorized in the current version of Section 3553(e) and the Guidelines would create a significant disparity based on when a particular defendant was sentenced. As explained above, retroactive Guideline amendments are intended to give defendants the same – not more

-15-

favorable – treatment as those sentenced under the current Guidelines.[12]

    D.    <u>Balancing Of Section 3553(a) Factors</u>

As noted, defendant originally had a total offense level of 29 with a criminal history category III for a guideline range of 108 to 135 months. See <u>Presentence Investigation Report</u> (Doc. #379) ¶ 109. Under Amendment 782, defendant's amended guideline range is 87 to 108 months (offense level 27, criminal history III). The parties jointly propose a sentence of 140 months. The parties do not explain the basis of their recommendation, but defendant's original sentence of 170 months was 35 months above the high end of the original guideline range (135 months) that

---

[12]    In a recent opinion, the Fourth Circuit suggested that granting relief in cases such as the instant one would help eliminate unwarranted sentencing disparity between cooperators. <u>United States v. Williams</u>, 808 F.3d 253, 260 (4th Cir. Dec. 14, 2015), <u>rehr'g en banc denied</u>, Order, No. 15-7114, Docket No. 46 (4th Cir. Jan. 5, 2016). The Fourth Circuit stated as follows:

> Our approval of the position espoused by the United States Attorney and Williams is also consistent with the Sentencing Reform Act's focus on "the elimination of unwarranted sentencing disparity." <u>See</u> <u>Goines</u>, 357 F.3d at 475-76. A contrary ruling would permit cooperating defendants with Guidelines ranges above their statutory minimums "perhaps due to extensive criminal histories or severe offense conduct" to nevertheless secure sentencing relief under § 3582(c)(2). On the other hand, cooperating defendants such as Williams, whose Guidelines ranges are entirely below their statutory minimums, would be denied relief. Such a disparity should not occur within the category of defendants who should benefit from Amendment 780: those "who provide substantial assistance to the government in the investigation and prosecution of others." <u>See</u> USSG app. C, amend. 780 (Supp. 2014). Moreover, Amendment 780 makes no distinction among such defendants, and we lack the authority to create one. <u>See United States v. Maroquin-Bran</u>, 587 F.3d 214, 217 (4th Cir. 2009) (recognizing that "rewriting [the Guidelines] is beyond our purview as a court and remains the domain of either the Sentencing Commission or the Congress").

<u>Williams</u>, 808 F.3d at 261-62. It is true that the group of cooperators with guideline ranges well above the statutory minimum potentially could receive greater relief under Amendment 782 than cooperators with guideline ranges below the statutory minimum, but Congress created such disparity in imposing statutory minimums subject to only limited statutory exceptions including Sections 3553(e) and 3553(f).

would have applied but for the statutory minimum.  The parties suggest an amended sentence of 140 months which is 32 months above the high end of the amended guideline range (108 months).  Although the parties' proposed approach has some appeal because it does not grossly increase the extent of the departure from the statutory minimum, the Court ultimately rejects it in light of the factors under Section 3553(a).[13]

The Court gives significant weight to the seriousness of the offense which carries a statutory minimum sentence of 240 months in prison and the extent of defendant's cooperation, which the government estimated and the Court agreed warranted a reduction of 70 months from the statutory minimum.  The Court also gives significant weight to "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a).   In particular, unlike the policy statement applicable to retroactive amendments, the current version of the Guidelines provides no waiver of the trumping rules of Sections 5G1.1 and 5G1.2.  Accordingly, defendants sentenced under the current Guidelines with the same drug quantity as this defendant and the same extent of cooperation as this defendant would receive a sentence of 170 months in prison (70 months less than the statutory minimum).  In light of the factors set forth in Section 3553(a) and the reasons set forth above and at the original

---

[13]    The Court also finds that the parties' proposed approach is inconsistent with the Guidelines.  In particular, the parties do not suggest any basis for the Court to depart upward from the amended guideline range when the Court granted a downward departure from the original guideline range.  The Guidelines permit an amended sentence in an amount that is "comparably less," not comparably more, than the amended guideline range.  See U.S.S.G. § 1B1.10(b)(2)(B) (absent mandatory minimum, court may reduce defendant's sentence in accordance with amended guidelines range and by amount "comparably less than the amended guideline range").  After defendant received a significant downward departure at his initial sentencing, the parties' proposal of an upward departure from the amended range seems at odds with sound sentencing policy and the basic structure and purposes of departures under the Guidelines.  Even so, the Court recognizes that the parties are asking for less of a reduction than what the Guidelines permit.

sentencing on June 14, 2011, the Court finds that a sentence of 170 months in prison is sufficient but not greater than necessary to meet the sentencing factors set forth in Section 3553(a). Accordingly, the Court declines to reduce defendant's sentence.

**IT IS SO ORDERED**.

Dated this 21st day of January, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-18-